OREGON & TRANSCONTINENTAL Co. *v.* HILMERS and others.

*(Circuit Court, S. D. New York.  June 21, 1884.)*

PLEDGE—SECURITIES—REHYPOTHECATION BY BROKER.

> Where the owner of securities pledges them with a stock-broker as collateral to a loan, the latter has no right to rehypothecate them in such a way that they cannot be restored to the owner upon payment of the loan, although both parties understood that the broker would have to use the securities to obtain the loan. Usage is inadmissible to destroy a contract.

Order of Arrest.

*Holmes & Adams,* for complainant.

*Chamberlain, Carter & Hornblower,* for defendants.

WALLACE, J.  By the contract of pledge entered into between the plaintiff's assignor and the defendants, the former deposited with the latter certain shares of stock as collateral security for the payment of $1,000,000 in one year, with interest, with authority to the defendants to sell, assign, and deliver the collaterals on the failure of the pledgeor to fulfill his agreement. It is probably true, as alleged by the defendants, that the pledgor understood that the defendants, who were stock brokers, could not advance this large loan out of their own funds, but would be obliged to hypothecate the collaterals to ob-

†ain the money.   Upon this theory, if they had hypothecated the collaterals as his agents, or in such a way that they could be restored to him upon payment of the sum loaned on them, the defendants would not be liable for conversion.   Such a use of the stock might not be inconsistent with the intention of the parties, and would not subvert the ultimate rights of the pledgeor, and, if sanctioned by usage, or if within the contemplation of the parties, would not be a conversion.   But the defendants assert that, according to the understanding between them and the pledgeor, they were to be at liberty to mingle the securities with their own, and raise money on them generally as though they were their own.   Such a use is utterly inconsistent with the contract of pledge.   No evidence of usage is admissible which would destroy the contract.   If the defendants have used the collaterals in such manner that they could not at once regain them and restore them to the pledgeor, when the obligation of the latter is discharged, they are liable for conversion.   As this seems to be the case, the order of arrest is granted.